## 🟆ichmond.

BARNETT AND OTHERS V. BLAIN AND OTHERS.·

November 20, 1919.

WILLS—*Jus Disponendi—Testator Gave Will Jus Disponendi—Remainder Over Void.*—The gift of a life estate in personal property, followed by the language that the taker shall have "the privilege of disposing of any of the personal property during her life, as she may think proper, and use the proceeds thereof for her comfort" (or equivalent phraseology), invests her with the absolute estate therein, where the will was made and testator died prior to the act of 1908, amending and re-enacting section 2418 of the Code of 1904.

Appeal from a decree of the Circuit Court of Nelson county. Decree for complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*L. Grafton Tucker,* for the appellants.

·· *S. B. Whitehead,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

The Circuit Court of Nelson county in this case had before it and construed two wills, namely, the will of Dr. H. L. Blain, deceased, and that of his widow, V. B. Blain, deceased. The correctness of the decree with respect to the construction of the last mentioned instrument is not drawn in question on this appeal; therefore, that feature of the decree does not call for further notice. Appellants,

however, assign error to the interpretation placed by the court upon the will of Dr. Blain.

Let us observe that this will was made and testator died prior to the act of 1908, amending and re-enacting section 2418 of Va. Code, 1904, and hence it is not affected by that amendment. Acts 1908, p. 187.

The pertinent parts of the will are as follows: "I give, bequeath and devise to my beloved wife, Virginia B. Blain, all of my real and personal property of every description whatsoever, to hold and use for her benefit during her natural life. After her death it is my wish that this property be divided equally among my children. She shall have the privilege of disposing of any of the personal property during her life, as she may think proper and to use the proceeds thereof for her comfort."

Dr. Blain was twice married, and appellees are children of the first marriage. He had no children by his second wife, Virginia B. Blain, and appellant, Sidney Barnett, a brother, is her heir at law and distributee.

Testator disposed of his real estate during his lifetime; and the personal property that passed under his will consisted of tangible property and certificates of deposit representing money in bank.

The circuit court held that by this will "V. B. Blain took only a life estate in the money disposed of by the said H. L. Blain therein, with a vested remainder to his children, and that the said V. B. Blain had the right only to use the interest upon the corpus of any sums of money that went into her hands from the estate of Dr. H. L. Blain, and that her estate is liable to the remaindermen for the corpus of any sums that went into her hands as legatee," and decreed accordingly.

By a long line of decisions of this court, of which *May v. Joynes,* 20 Gratt. (61 Va.) 692, is a ruling illustration, the gift of a life estate in personal property, followed by

the language that the taker shall have "the privilege of disposing of any of the personal property during her life, as she may think proper, and use the proceeds thereof for her comfort" (or equivalent phraseology), invests her with the *absolute estate* therein. The latest pronouncement of this court on the subject will be found in *Steffey* v. *King,* 101 S. E. 62, in which the opinion was handed down at Staunton on September 17, 1919.

As was said by this court in *Randall* v. *Harrison, Ex'r,* 109 Va. 686, 64 S. E. 992: "The principle here involved has been so repeatedly decided by this court that we feel that further discussion of it can serve no good purpose."

For a list of the cases decided by this court on the subject, see note to *Conrad* v. *Conrad's Ex'r,* 123 Va. 722, 97 S. E. 336.

It follows from what has been said that the decree under review must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*