## Richmond.

JOHNSON AND OTHERS v. SMITH.

November 19, 1908.

Absent, Buchanan, J.

1. WILLS—*Construction*—*Life Estate With Power Over Fee*—*Case in Judgment.*—A testator devised land to one of his daughters "to have and to hold during her natural life, then the heirs of her body, if any; if no children, to her sisters." In another part of the will is found this provision: "I desire that no sale made by my daughters of the aforesaid land shall be firm, valid or binding, unless the sale is made while single or become widows, except for their own convenience may change land with each other."

*Held:* The words, "heirs of her body" are the equivalent of the word "children," and the daughter takes under the first clause an estate for her life, and after her death, the land goes to her children, if any, and if none to her sisters. But by the second clause above mentioned the daughter is vested with a power of sale of the fee in the land while she remains unmarried, or in the event of her becoming a widow, and the power thus conferred upon her, if exercised, will pass a fee-simple estate to the purchaser. The language of the second clause was unnecessary to confer upon the devisee the power to sell her life estate, as she already had that, and was plainly intended to give a larger power over and estate in the land devised.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Harman & Pobst,* for the appellants.

*H. C. Alderson,* for the appellee.

KEITH, P., delivered the opinion of the court.

This is an appeal from a decree of the chancery cause of *Johnson* v. *Smith,* rendered in the Circuit Court of Tazewell county upon facts agreed, which are as follows:

Taze Smith and wife conveyed to Livie E. Johnson, with the usual covenants, a certain house and lot at Pounding Mill, in Tazewell county, in consideration of $750, of which one-third was paid in cash and the balance to be paid in one and two years, evidenced by notes of the vendee, endorsed by M. Johnson, and secured by a vendor's lien retained in the deed. The notes not being paid, at maturity, Smith instituted suit in the Circuit Court of Tazewell county to enforce the vendor's lien.

The defendants answered the bill and stated that they had only recently learned that the lot purchased by them was a part of the land devised by Thomas Davis to Rebecca Caroline Davis, his daughter, by will dated April 13, 1863; that the plaintiff, Smith, derived such title as he had to the land from Ellen V. Asbury by deed, and that Ellen V. Asbury derived such title as she had thereto by deed from Rebecca Davis; and respondents claim that Rebecca Davis took only a life estate in the lands devised to her by the will of her father, and that under the terms of said will she could not convey a valid fee-simple interest therein, but only an estate for and during her natural life, and that the covenants in said deed were broken. Respondents therefore ask that "the sale be rescinded; that the title to the house and lot be vested in Taze Smith by a commissioner of the court, as his former estate therein; and that Livie E. Johnson recover of Taze Smith the purchase money already paid, and be relieved from the payment of the balance, and her costs."

Among the facts agreed it is shown that Rebecca Caroline Davis, while single, conveyed the property now in controversy to Ellen V. Asbury; and the sole question to be determined is whether or not her deed passed a life estate or a fee-simple interest in the land she undertook to convey.

So much of the will of Thomas.Davis as is material to this controversy will be found in the following extracts:

"I give and bequeath to my daughter Rebecca Caroline Davis, the remaining portion of land that I purchased from James Davis, supposed to be 90 or 95 acres, likewise a 60-acre tract that I purchased from Thomas Gillespie east of the James Davis tract; * * * To have and to hold said land * * * during her natural life, then the heirs of her body, if any; if no children, to her sisters." And in another part of the will is found this provision: "I desire that no sale made by any of my daughters of the aforesaid land * * * shall be firm, valid, or binding, unless the sale is made while single or become widows, except for their own convenience may change land with each other."

We are of opinion that in the second clause of the will, the words, "heirs of her body," are the equivalent of the word "children," and that the effect of that clause was to vest in Rebecca Caroline Davis an estate for her life in the land devised to her; that after her death it was to go to her children, if any, and if she had no children the remainder passed to her sisters; that by the other clause, referred to, Rebecca Caroline Davis was vested with a power of sale while she remained unmarried, or in the event of her becoming a widow, and that the power thus conferred upon her, if exercised, passed a fee-simple estate to her vendee.

In the case agreed it appears that, while unmarried, she did sell the property now in controversy to Ellen V. Asbury, who conveyed by deed to Taze Smith, who in turn sold and conveyed to Livie E. Johnson. The sale and deed made by Rebecca Caroline Davis seem to have been strictly within the power conferred upon her by the will.

In the case of *Farish* v. *Wayman*, 91 Va. 430, 21 S. E. 810, the court said: "It can no longer be doubted that the law is settled, that an estate for life, coupled with the absolute power of alienation, either express or implied, comprehends everything, and the devisee takes the fee." And in a note to that

case (1 Va. Law Reg. 219), Judge Burks says: "It cannot be doubted that, though property is devised or bequeathed to one for life, even in the most express terms, yet, if by other terms in the same instrument, it is manifest that the devisee or legatee is invested with absolute power to dispose of the subject at his will and pleasure, he is not a mere life tenant, but absolute owner, for there can be no better definition of absolute ownership than absolute dominion."

In *Honaker* v. *Duff,* 101 Va. 675, 44 S. E. 900, the court sanctions a statement of the law found in 3 Va. L. Reg. 65, to the effect, that when a life estate is given a devisee with power of disposition, the devisee is held to take a fee-simple; if otherwise, the manifest intention of the will would be defeated. See also *Milhollen's Admr.* v. *Rice,* 13 W. Va. 510; and *Ruby* v. *Barnett,* 12 Mo. 3, 49 Am. Dec. 112, where it is said: "When an express estate is given for life by will and a power of disposition is afterwards conferred, the devisee takes but a life estate with power of disposition, and if no disposition is made, the reservation will go to the heirs of the devisor."

It is true that the cases cited are dealing with the effect of a life estate coupled with an unlimited power of disposition, while here there is a life estate coupled with a limited power of disposition; but that power exercised plainly within the limitations imposed upon it.

It is contended by counsel for appellants, that the power of sale granted in the second clause refers to a disposition of the life estate; but, as shown by counsel for appellee, the power to sell the life estate, granted in the first clause, followed and was inherent in the devise itself. The devisee had the right to dispose of it at will, and there was no need of enlargement of her power for this purpose. The words of the second clause clearly indicate that a larger power and estate were intended, and the second clause would be absolutely meaningless if the testator intended by it to dispose of the life estate.

To enforce this position, counsel relies upon the case of *Wooten* v. *Redd's Ex'or,* 12 Gratt. 208, where the court says:

"In the construction of wills, it is a well settled rule that effect must be given to every word of the will, if any sensible meaning can be assigned to it not inconsistent with the general intention of the whole will taken together." This principle has been enforced in numerous decisions.

Upon the whole case, we are of opinion that there is no error in the decree of the circuit court, which holds that appellants took a fee-simple to the land in controversy. Decree affirmed.

*Affirmed.*