## Wytheville.

HUNTER AND OTHERS v. HICKS AND OTHERS.

June 10, 1909.

1. DEEDS—*Fee Simple—Limitation Over of What Remains.*—Under a
   deed which conveys land to a trustee for the benefit of a married
   woman, with power to her to sell and dispose of the property
   and make such disposition of the proceeds of sale as she may
   think proper, the married woman takes an equitable fee simple
   estate in the property and a limitation over to another of any
   interest in "the property then remaining," is void for uncertainty
   and repugnancy.

Error to a judgment of the Circuit Court of the city of
Norfolk in an action of ejectment.   Judgment for the de-
fendants.   Plaintiffs assign error.

                                        *Reversed.*

The declaration was as follows:

"Robert I. Hunter, Newtie E. Hunter and Louise E. Shanks
complain of W. H. Hicks and the Calvert Mortgage and Deposit
Company of Baltimore City, of a plea of trespass, for this,
to-wit, that on the 2nd day of March, in the year 1871, one
Isaac R. Hunter was seized and possessed of that certain tract,
piece or parcel of land lying and being in the county of Norfolk,
near the city of Norfolk, at the town of Huntersville, which
was the place and residence where the said Isaac R. Hunter
then resided, and bounded on the north by the lots formerly
owned by Reynolds and Hinton, on the south by other land of
the said Isaac R. Hunter and Mrs. Barnes' land and others, on
the east by other land of the said Isaac R. Hunter, and on

the west by Lambert's Point Road, containing by estimation five acres, and also of another tract of land, adjoining that above described, containing about 40 acres, also in the said town of Huntersville, and, being so seized and possessed of said two tracts of land, the said Isaac R. Hunter executed and delivered to one V. O. Cassell, trustee, a certain deed, in the following words and figures, to-wit:

" 'This deed made this 2nd day of March, Anno Domini, one thousand eight hundred and seventy-one, between Isaac R. Hunter, of the first part, V. O. Cassell, trustee, of the second part, and Martha Louisa Hunter, wife of the said Isaac R. Hunter, of the third part.

" 'Witnesseth, that in consideration of the love and affection which the said Isaac R. Hunter hath and beareth for his wife, the said Martha Louisa Hunter, and for and in consideration of the sum of five dollars, to the said Isaac R. Hunter in hand paid by the said V. O. Cassell, trustee, the receipt whereof is hereby acknowledged, he, the said I. R. Hunter doth grant unto the said V. O. Cassell, trustee, the following property with general warranty with its appurtenances, to-wit, viz., that certain tract, piece or parcel of land lying and being in the county of Norfolk, near the city of Norfolk, at the town of Huntersville, and is the place and residence where the said I. R. Hunter now resides and bounded as follows: on the north by the lots formerly owned by Reynolds & Hinton, on the south by said Hunter's land and Mrs. Barnes' land and others, on the east by Hunter's land, and on the west by Lambert's Point Road, containing by estimation five acres. Also the balance of the land owned by the said Isaac R. Hunter in the town of Huntersville, consisting of about forty acres and adjoining the land hereinbefore described. Also the stock on the said lands, consisting of four horses, and ten hogs. Also the following personal property, one rockaway, one cart and gear, farming utensils, household and kitchen furniture, consisting of six beds, five bed-steads, three dozen chairs, four tables, one piano,

four looking glasses, and a pot of crockery, three stoves, one side board, one bond for twenty-five hundred dollars, ·dated August 31, 1869, payable in installments of one and two years, executed to said I. R. Hunter by H. J. Reynolds and I. W. Hinton. Also a note for four hundred and fifty dollars, executed by Wm. Taylor to said Isaac R. Hunter, dated the 25th day of January, 1871, payable two years after date. Also a note for four hundred and fifty dollars, executed by Wm. Taylor to said I. R. Hunter, dated 26th day of January, 1871, payable three years after the date thereof. To have and to hold the said property hereinbefore described unto the said trustee upon trust, that he the said trustee shall permit the said Martha Louisa Hunter, to occupy, possess and enjoy the said property, and the rents, issues and profits thereof, to take for and during the term of her natural life, for her support and family free and clear of and from all manner of charge and incumbrance of her said husband; it being the express intent and meaning of these presents that the said property is conveyed to the said trustee to hold exclusively and absolutely for the benefit of said Martha Louisa Hunter as though she was a *femme sole,* free and clear entirely of and from any marital rights whatever of her said husband, except as hereinafter provided for. But if at any future time it shall by the said Martha Louisa Hunter be thought proper for her interest to sell the said property in whole or in part for her benefit, then and in that event it is agreed on the part of said grantor and trustee and the third party hereto that the said Martha Louisa Hunter shall have full power to sell and dispose of the property hereinbefore described and to execute proper deed or deeds of conveyance for the same, through and by said trustee, or other writing, transfer or delivery at any time in the same manner and make such disposition of the proceeds of the sale as she may think proper, and also through said trustee to collect the said notes, and deliver them to the makers or other proper person and dispose of their proceeds always, however, and in all cases with the co-

operation and assent of the said V. O. Cassell, trustee, who, on his part agrees to execute such instruments as may be needful in the premises as the said Martha Louisa Hunter may direct by her becoming a party to and signing said instrument. And the said Martha Louisa Hunter may also if she think proper with the proceeds as aforesaid purchase other property, real or personal, through and by her said trustee, and the deed made to said trustee for her sole benefit, and to be held upon the same terms as the other property herein mentioned. If the said Martha Louisa Hunter should depart this life, leaving her said husband the grantor in this deed surviving, then this grant as to the property then remaining is to cease and determine, but she shall have power and full authority is hereby given her by instrument in the nature of a last will and testament to dispose of one-half of the property hereinbefore described or hereafter acquired as aforesaid, then remaining but if the said Isaac R. Hunter should die first, then and in that event he hereby expressly reserves to himself full power and authority to dispose of the other half of the property then remaining hereinbefore described or hereafter acquired by his last will and testament in such manner and to such persons as he shall or may think proper, by his said will. And it is further agreed between the parties aforesaid that V. O. Cassell, the trustee as aforesaid, shall be responsible and liable only for such money or property as may come into his possession under the deed and not otherwise; and in the same manner as above stated incumbrances may be created upon the said property such as are consistent with the true intent and purposes of this deed; that is to say money may be borrowed and deed of trust executed as aforesaid given to secure the same upon the land hereinbefore described. The said trustee is to have and receive two and one-half *per cent.* upon the matters of this trust.

" 'There is a deed of trust now standing to H. M. Bowden, trustee, to secure Rebecca B. Tunis the payment of a bond for $2,100, executed by said I. R. Hunter. Now it is the intention

of the grantor in this deed to liquidate the debt secured in said deed, and this deed is made subject to said deed.

" 'Witness the following signatures and seals.

|  |  |
|---|---|
| " 'I. R. HUNTER, | (Seal) |
| " 'MARTHA L. HUNTER, | (Seal) |
| " 'V. O. CASSELL, Trustee. | (Seal)' |

"By which said deed the said Martha Louisa Hunter, the wife of the said Isaac R. Hunter, acquired title to the property mentioned in said deed in fee simple, and subsequently the said Martha Louisa Hunter departed this life intestate, leaving surviving her as her only heirs at law her four children, Emily L. Hunter, Armie N. Hunter, and the said Robert I. Hunter and Newtie E. Hunter, whereupon the said land descended to the said Emily L. Hunter, Armie N. Hunter, Robert I. Hunter, and Newtie E. Hunter, in fee simple, an undivided one-fourth interest to each. The said Emily L. Hunter, who subsequently intermarried with and survived one Joseph R. Spratley, by her last will and testament, duly admitted to probate, devised her undivided one-fourth interest in said land to the said Newtie E. Hunter, and the said Armie N. Hunter, who subsequently intermarried with one Joseph D. Gaskins, afterwards departed this life intestate, whereupon her undivided one-fourth interest in said land descended to her only child and heir at law, to-wit, the said Louise E. Shanks, subject to the estate therein as tenant by the curtesy of the said Joseph D. Gaskins, which was by him, by his deed bearing date on the 15th day of August, 1904, released and conveyed to the said Louise E. Shanks under and by her then name of Louise E. Sobral, and by reason of the premises, that heretofore, to-wit, on the 1st day of January, in the year 1907, the said plaintiffs were seized and possessed in fee simple absolute, the said Newtie E. Hunter as to an undivided one-half part or interest, the said Robert I. Hunter as to an undivided one-fourth part or interest, and the said Louise E. Shanks as to the remaining one-fourth part or interest, of

a certain lot, piece or parcel of land, situate, lying and being on the western side of Amelia street, between Lee and North streets, in the village of Huntersville, in Tanner's Creek Magisterial District of the county of Norfolk, in the State of Virginia, known, numbered, and designed as lot numbered twenty-four (24) on the plat filed in the suit of I. R. Hunter *versus* J. D. Gaskins, lately depending in the Corporation Court of the city of Norfolk, marked 'Plan of a Part of Huntersville,' and also recorded in the clerk's office of the said county of Norfolk, in map book No. one (1), at page thirty (30), which said lot is bounded, with reference to said plat, as follows, to-wit: Beginning on the western line of a street which is now called Amelia street, opposite the site of the late residence of the said Isaac R. Hunter, deceased, at a point distant in a southerly direction measured along the said western line of Amelia street, twenty-eight (28) feet from the intersection of the said western line of Amelia street with the southern line of North street; running thence, in a southerly direction, along the said western line of Amelia street, twenty-eight (28) feet; thence in a westerly direction, parallel with the said southern line of North street, ninety-nine (99) feet; thence in a northerly direction, parallel with the said western line of Amelia street, twenty-eight (28) feet; and thence, in an easterly direction, parallel with the said southern line of North street, ninety-nine (99) feet, to the point or place of beginning, which said lot, piece, or parcel of land is part of the same land that was conveyed by the deed of the said Isaac R. Hunter hereinbefore set out, and acquired by the said Robert I. Hunter, Newtie E. Hunter, and Louise E. Shanks as hereinbefore mentioned. And the said plaintiffs say that, they being so seized and possessed of the said lot of land, the said defendants, W. H. Hicks and the Calvert Mortgage and Deposit Company of Baltimore City, afterwards, to-wit, on the 2nd day of January, in the year 1907, entered into said premises and exercised acts of ownership thereon and claimed title thereto, and that they, the said

defendants, W. H. Hicks and the Calvert Mortgage and Deposit Company of Baltimore City, unlawfully withhold from the said plaintiffs the possession thereof, to the damage of the said plaintiffs of five hundred dollars ($500). And therefore they bring their suit," etc.

The assignments of demurrer were as follows:

"(A) That as shown by said declaration, the plaintiffs claim title to the land therein set out and described under a certain deed in said declaration set out from Isaac R. Hunter to V. O. Cassell, trustee, which deed in a certain cause lately pending in this court, entitled Robert I. Hunter et al. *v.* Henry C. Cooper et al., wherein the said plaintiffs in this cause were plaintiffs and the defendants in this cause were defendants, was construed, and by a decree entered therein by this court on its chancery side the said plaintiffs were declared not entitled to the land set out and mentioned in the bill filed in said cause, of which the lot of land set out and mentioned in the said declaration filed in this cause is a part. The bill in said cause of Robert I. Hunter et al. *v.* Henry C. Cooper et al., the petition of the said the Calvert Mortgage and Deposit Company of Baltimore City, its answer and demurrer, the decree filing said demurrer and answer, and the final decree therein and herewith filed, marked 'Exhibit No. 1.'

"(B) Because, as shown by the deed aforesaid, from Isaac R. Hunter to V. O. Cassell, trustee, set out in said plaintiff's declaration, it appears that it was the intention of the said Issac R. Hunter to grant unto the said trustee for the benefit of Martha Louisa Hunter only a life interest in the land conveyed, with a power to sell by and with the co-operation and assent of the said V. O. Cassell, trustee, during her lifetime, and not to create a fee simple estate in the said Martha Louisa Hunter, and that, by signing and sealing the said deed, Martha Louisa Hunter agreed to all the provisions thereof, and that, therefore, at the death of said Martha Louisa Hunter under the terms, limitations, and agreements contained in the said deed

all interest of the said Martha Louisa Hunter in said land ceased and determined.

"(C) That, under the said deed aforesaid, set out in said declaration, from Isaac R. Hunter to V. O. Cassell, trustee, Martha Louisa Hunter, under whom the plaintiffs claim, took only a life estate in the lands set out in said deed, of which the lot claimed in this cause forms a part, which life estate upon the death of the said Martha Louisa Hunter ceased and determined.

"(D) That under the deed aforesaid set out in said declaration from Isaac R. Hunter to V. O. Cassell, trustee, the plaintiffs have no title to the land sought to be recovered in this action.

"(E) Because the said declaration does not show that the plaintiffs at the time of the filing of said declaration were entitled to recover the said lot of land set out in said declaration.

"(F) Because of the decision in the suit of Robert I. Hunter et al. v. Henry C. Cooper et al., the title to the lot of land sought to be recovered in this action is res adjudicata, and the said plaintiffs in that suit cannot recover in this action the lot of land sought to be recovered in that cause."

*Leo Judson,* for the plaintiffs in error.

*Wm. McK. Woodhouse, Hugh C. Davis* and *Hugh W. Davis,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

This is an action of ejectment brought by Robert I. Hunter and others against W. H. Hicks and others to recover a tract of land lying in the county of Norfolk.

There was a demurrer to the declaration, which was sustained

by the circuit court, and judgment entered for the defendants, and that judgment is before us upon a writ of error.

The decision of the case involves a construction of a deed which is copied into the declaration, to which the defendants in the circuit court assigned six grounds of demurrer, designated as a, b, c, d, e and. f. Specifications "a" and "f" were overruled; "b," "c," "d" and "e" were sustained, and the correctness of the judgment turns upon whether or not Martha Louisa Hunter took a fee simple or a life estate in the land conveyed to her by the deed from Isaac Hunter.

By the deed Martha Louisa Hunter is given full power to sell and dispose of the property covered by it, "and make such disposition of the proceeds of sale as she may think proper, and also through said trustee to collect the said notes, and deliver them to the makers or other proper person and dispose of their proceeds, always, however, and in all cases, with the co-operation and assent of the said V. O. Cassell, trustee, who on his part agrees to execute such instruments as may be needful in the premises as the said Martha Louisa Hunter may direct by her becoming a party to and signing said instrument. And the said Martha Louisa Hunter may also if she think proper with the proceeds as aforesaid purchase other property, real or personal, through and by her said trustee, and the deed made to said trustee for her sole benefit, and to be held upon the same terms as the other property herein mentioned. If the said Martha Louisa Hunter should depart this life leaving her said husband, the grantor in this deed, surviving, then this grant as to the property then remaining is to cease and determine, but she shall have power and full authority is hereby given her by instrument in the nature of a last will and testament to dispose of one-half of the property hereinbefore described or hereafter acquired as aforesaid then remaining; but if the said Isaac R. Hunter should die first then and in that event he hereby expressly reserves to himself full power and authority to dispose of the other half of the property then remaining,

hereinbefore described or hereafter acquired, by his last will and testament."

We have then a case where the grantee, Mrs. Hunter, under the deed from her husband, took property which she was authorized to sell and to dispose of the proceeds as she might think proper, and of what might remain at her death she had the power to dispose of one-half by her last will and testament.

We are of opinion that the case is fully covered by the decisions of this court.

"The cases cited clearly establish that whenever it is the intention of the testator that the devisee shall have an unrestrained power of disposition over the property devised, whether such intention be expressed or necessarily implied, a limitation over to another is void, because it is inconsistent with, and repugnant to, the estate given to the first devisee, although the will shows that it was the testator's intention, in respect to the property given to the first taker, that 'what may remain of the same,' or 'whatever may remain at his death,' or 'so much thereof as may be in existence at his death,' or 'such part as he may not appropriate,' or 'what may be on hand at his death,' should go to another. Such intention must fail on account of its uncertainty, and the first taker acquires the absolute property." *Farish* v. *Wayman,* 91 Va. 430, 21 S. E. 810, and cases there cited. See also *Honaker* v. *Duff,* 101 Va. 675, 44 S. E. 900; *Johnson* v. *Smith,* 108 Va. 725, 62 S. E. 958, 2 Va. App. 622; *Rolley* v. *Rolley's Ex'or, ante,* p. 454, 3 Va. App. 147; *Randall* v. *Harrison, post,* p. 686, and cases referred to in those opinions.

It follows that the judgment of the circuit court must be reversed.

*Reversed.*