## Wytheville.

## SHANKS AND OTHERS v. THE CALVERT MORTGAGE AND DEPOSIT CO. AND OTHERS.

### June 8, 1916.

#### Absent, Cardwell, J.

1. JUDGMENTS—*Collateral Attack.*—The decree of a court of general jurisdiction, on the merits of a cause, when the court has jurisdiction of the subject matter and of the parties, is not amenable to collateral attack, but, whether right or wrong, is binding upon the parties, until reversed or set aside in some appropriate direct proceeding for that purpose.

2. INJUNCTIONS—*Matters that are Res Judicata—Reopening.*—Injunction is a suitable process to prevent a party who has commenced proceedings in a court of competent jurisdiction and lost on the merits, from impleading his adversary touching the same matter in either that or any other court.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the complainants. Defendants appeal.

*Modified and Affirmed.*

The opinion states the case.

*Leo Judson,* for the appellants.

*Hugh W. Davis* and *W. H. Sargeant, Jr.,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Appellees filed a bill against appellants in the Circuit Court of the city of Norfolk, the essential object of

which was to enjoin the defendants from prosecuting an action of ejectment pending in that court against the plaintiffs to recover a parcel of land designated as lot No. 24. From a decree granting the relief prayed for this appeal was allowed.

The controversy here involved, in various aspects, has three times received consideration by this court. A history of the case in outline is as follows: By deed of settlement bearing date March 2, 1871, Issac R. Hunter conveyed to a trustee for his wife, Martha Louisa Hunter, five acres of land in the suburb of Norfolk, upon which he and his family resided, including lot No. 24, and also an adjoining tract of about forty acres. Subsequently the wife died, survived by her husband, and in July, 1905, her heirs at law (under whom appellants claim the lot in controversy) filed their bill in the Circuit Court of the county of Norfolk (from which it was removed to the Circuit Court of the city of Norfolk, the land having been included within the city limits) against Henry C. Cooper and other grantees of Isaac R. Hunter, numbering more than one hundred and fifty persons. The bill alleged that after the death of Martha Louisa Hunter, Isaac R. Hunter asserted title to the land previously settled upon his wife, and, having subdivided it into lots, sold and conveyed the same to Cooper and his codefendants and others whose names were unknown, and put them in possession of their respective lots; and that a large number of these lots had been improved by the purchasers by the erection of dwellings and other buildings thereon.

Complainants averred that they were the true owners of the land in fee simple, and invoked the jurisdiction of the court to prevent a multiplicity of suits, to direct the necessary inquiries and accounts as to proper al-

Shanks *v.* Calvert Mort. Co., 119 Va. 239.   241

Opinion.

lowances to the defendants for improvements, to construe the deed of settlement, to remove clouds cast upon their title by the sales made by Isaac R. Hunter; and, finally, to restore them to the possession of their property.

Cooper and other defendants filed demurrers and answers to the bill, the principal grounds of demurrer being: (1) That by the deed of settlement the property reverted to the husband on the death of the wife; (2) But that even if the wife took an equitable fee simple title to the land, which descended to complainants as her heirs, they stood by from the year 1872 until 1905, and suffered Isaac R. Hunter, and those claiming under him, to sell and dispose of the land as their own property to innocent purchasers for value, without giving notice of their adverse claim, and that their inexcusable and unexplained delay and laches constituted a bar to the relief sought; and (3) that complainants had a complete and adequate remedy at law.

On December 13, 1905, the court entered a final decree in which it sustained the defense of laches; and, moreover, held that the deed of settlement vested a life estate only in the property in Martha Louisa Hunter coupled with the power of sale by and with the consent and co-operation of the trustee, and that at her death it reverted to the grantor, Isaac R. Hunter. Consequently the demurrers were sustained and the bill dismissed. A petition for an appeal from that decree was refused by all the judges of this court, which was equivalent to an affirmance.

Afterward, the action of ejectment referred to was instituted in the Circuit Court of the city of Norfolk by appellants against appellees to recover lot No. 24. The deed of settlement was incorporated in the declara-

tion. The defendants interposed a demurrer to the declaration, the controlling ground of which was that Martha Louisa Hunter by the deed of settlement took a life estate only in the land in dispute. The trial court so construed the deed, sustained the demurrer, and entered judgment for the defendants. That judgment was reversed on writ of error, this court holding that Mrs. Hunter took an equitable fee simple in the property, and the case was remanded. *Hunter* v. *Hicks* 109 Va. 615, 64 S. E. 988. Thereupon, appellees filed their bill against appellants to enjoin them from further prosecuting the action of ejectment upon the grounds set out at large therein, and in that suit the decree under review was pronounced. The court was of opinion that the rights of the parties with respect to the land involved in the action of ejectment had been fully and finally adjudicated in the chancery cause in the same court under the short style of *Hunter* v. *Cooper*. It, therefore, perpetually injoined the plaintiffs in the action of ejectment (appellants) from prosecuting that action.

The record in *Hunter* v. *Cooper* shows that the circuit court had jurisdiction and decided the case upon the merits, and, being a court of general jurisdiction, its decree, whether right or wrong, is not amenable to collateral attack, and is conclusive upon the parties until reversed or set aside in some appropriate direct proceeding for that purpose. *Moomaw* v. *Jordan*, 118 Va. 414, 87 S. E. 569.

It is insisted by appellees that, in the present case, the trial court had jurisdiction upon each of the equitable grounds asserted in the bill and maintained by the decree under review.

Without entering upon a detailed discussion of the question of jurisdiction, it is sufficient to say that the

court plainly had jurisdiction to protect its previous decree in *Hunter* v. *Cooper.* As we have seen, the scope and purpose of that decree was finally to settle the controversy in respect to the ownership of lot No. 24, which appellants sought to revive in the action of ejectment. The authorities are uniform in holding that injunction is a suitable process to prevent a party who has commenced proceedings in a court of competent jurisdiction, and lost on the merits, from impleading his adversary touching the same matter in either that or any other court. That is precisely the case here.

In *Hunter* v. *Hicks*, appellants invoked the jurisdiction of the Circuit Court of the city of Norfolk in equity to determine the right between themselves and appellees to lot No. 24. And having lost, they now seek to escape the consequences of the adverse decision by shifting the litigation to the law side of the court. If that were permissible, obviously it would destroy the binding effect of decrees and endlessly protract litigation.

"Courts of equity have undoubted power to prevent their decrees from being interfered with . . ." 1 Spelling on Injunctions and Other Extraordinary Remedies (2nd ed.) sec. 582; *Brooke* v. *Dent*, 4 Md. ch. 473; *Thompson* v. *Brown*, 4 Johns. ch. 619.

"Injunction granted summarily to restrain actions brought by defendant in a suit after decree; the bringing of the actions being inconsistent with the spirit of the decree." (Per Vice-Chancellor Sir L. Shadwell.) *The Grand Junction Canal Co.* v. *Dimes*, 60 Eng. Rep. (Full reprint), 17 Simons 1041.

In *Canover* v. *Mayor*, 25 Barb. 513, it was held: "Efforts by either party (and particularly by the one invoking the aid of the court first in possession) to

divert the litigation to another court will be restrained by injunction. It is most especially the duty of the court not to permit a transition from it to another court by such party, after an adverse decision on his claim, in the court to which resort is first had by him."

"An injunction (says the court) is the means sanctioned by precedent in such cases." 1 High on Injunctions (4th ed.) sec. 48.

Indeed, the maintenance of this rule is essential to the due and orderly administration of justice and the integrity of judgments and decrees.

The decree appealed from, of November 4, 1914, should be so modified as to apply only to lot No. 24 (the land embraced in the declaration in ejectment), and, subject to that modification, is affirmed.

*Modified and Affirmed.*