The President
delivered the opinion of the Court.
It is contended by the appellant’s counsel, that Mrs. Shermer was, by the will, only tenant for life of a moiety, with a power to dispose of the fee ; and that not having executed that power, the estate descends to the heir of the testator.
In support of this position, several cases have been cited; but they seem to verify the saying of a Judge, <£ that, in disputes upon wills, cases seldom elucidate the subject, which, depending on the intention of the testator, to be collected from thé will, and from the relative situation of the parties, ought to be decided upon the state and circumstances of each case.” To which I will add, that l have generally observed that adjudged cases have more frequently been produced to disappoint, than to illustrate the intention ; and T am free to own, that where a testator’s intention is apparent to me, cases must be strong, uniform, and apply pointedly, before they will prevail to frustrate that intention.
The cases produced, tend to prove that an express estate for life to the wife, with a power to dispose of the fee, shall not turn her estate for life into a fee.
In the case of Target v. Gant, the subject in dis- *351 pule was a chattel, and the objection to the remainder was, that it was void, being limited on too remote contingency, being after an estate tail, which, it was said, the wife took, though dei'ised to her for life, being limited over on her dying w ithout issue. The Lord Chancellor said, that the estate tail in such a case, as to lands, was raised by implication, to favour the testator’s intention, and he w ould not make the implication, in the case of chattels, destroy that intention. So that^ if this case apply at all, it proves that the testator’s intention shall make such words either an estate for life, or an inheritance, as shall best promote that intention.
In both the cases from 1 P. Wms. and 3 Leon where it was adjudged the wife took an estate for life, with power to dispose of the fee, the decision of the point was unimportant, since in both, the wife had executed her power properly and effectually.
In those, and all the cases, the question turns tipos a fee estate in lands ; here there is no doubt about the fee. It is in the purchaser from the executor, and the only question is, how the money shall go according to the will ? Whether this will make a difference, need not be decided, since, upon a view of the will, the intention is apparent that the wife should have the whole estate for life, and that, at her death, one half (except his specific bounty to her) should go to her family, and the other to his ovrn. Their relative situation, and his prior declarations, only shew such intention to be liberal and just.
His words have been critically scanned 5 be does not give her a power to dispose, but to name the person or persons she might choose to succeed to her part, to whom the testator gives the money ; and it is doing-small violence to the words, even in their critica! meaning, to say, that by suffering her legal representatives to succeed her, she has actually made them her heir or heirs, as much so, as if she had pointed them out by an express devise.
The decree affirmed.(1)

 Robinson's adm. v. Brock, 1 Hen. & Munf. 233. Commonwealth v. Martin's ex. 5 Munf. 149.