## Staunton.

JOHNS V. JOHNS.

SEPTEMBER 26th, 1889.

| | |
|---|---|
| 86 | 333 |
| 86 | 884 |
| 87 | 440 |
| 86 | 333 |
| 89 | 877 |
| 86 | 333 |
| 96 | 777 |
| 86 | 333 |
| 109 | 128 |

WILLS—*Construction—Case at bar.*—Testator gave all his funds to his wife during her natural life, for the benefit of herself and her children, " to be used as she may think proper: *held*, wife takes only a life estate, remainder to her children free from her debts.

Appeal from decree of circuit court of Augusta county, rendered June 6, 1887, in the chancery cause under the style of A. J. Johns' administrator, against Rebecca Johns's administrator and others. The decree being that Mrs. Rebecca Johns took under the will of her deceased husband, William Johns, an estate for her life only in the funds bequeathed, and had a life estate in the land purchased by her to the extent said funds entered into the purchase thereof, and that so far said land was not liable for her debts, the administrator of A. J. Johns, deceased, one of her creditors, appealed. Opinion states the case.

*Craig & Curry*, for the appellant.

*T. C. Elder*, and *White & Gordon*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The facts of the case presented by this record are, that William Johns died at his home, in the county of Augusta, in the summer of 1848, leaving his will, dated May 8, 1848, which

was admitted to probate in the county court of Augusta county at the August term, 1848. The said will is very short, and after providing for the payment of the funeral expenses and the just debts of the testator, provides: "I will and desire that my wife, Rebecca, shall have and hold all my estate during her natural life, for the benefit of herself and children, to be used as she may think proper." The testator left surviving him his wife, Rebecca, and eight children—two sons and six daughters—all infants, and most of them of tender age. He owned no real estate, and his personal property at his death, consisted of a fund of $900, which, as tenant of rented land, he had managed by industry and frugality, to save and accumulate over and above the maintenance of his large family. It was the aim and desire of his life to purchase a home for himself and family, but called away by death before having done so, he enjoined it upon his wife to accomplish his purpose with the means which he had provided therefor. On the 16th day of March, 1849, less than a year after the death of William Johns, there was conveyed to his widow, Rebecca Johns, by an absolute fee-simple deed, a tract of land containing one hundred acres, situate in Augusta county, for the price of $1,500, receipted for in full in the said deed from Jacob Perry and wife to the said Rebecca Johns.

The controversy between the appellant and the appellee is, whether this land, either wholly or in part, belonged to Mrs. Rebecca Johns in fee simple or for her natural life only, with remainder to the heirs-at-law of William Johns in fee?

There are two questions involved in this appeal—one of fact and one of law. The question of fact, whether the whole of the $1,500 purchase money paid by Mrs. Rebecca Johns for this land was of the personal estate left by her husband, or how much thereof was so derived, was referred to a master commissioner, who made elaborate inquiry, and reported, upon evidence certified in the record, that the $900 left by William Johns, and only that much of his estate, went into the purchase and

payment for the land, and the circuit court sustained the commissioner's finding and report as to this point.

We think that the circuit court did not err as to this question of fact, and that it correctly overruled the exception of appellees to the master's report as to this.

The question of law, involving the construction of William Johns' will, was decided by the circuit court, in the decree appealed from, that the widow, Rebecca Johns, took under the will of the testator, William Johns, only a life estate in the fund left by him, which life estate was terminated by her death, and that the *corpus* of the said fund, embodied to the extent of $900 in the land in question, devolved, by law, upon the children and heirs-at-law of William Johns, free from the debts of the life tenant, Rebecca Johns, deceased.

We think it plain, from the language of the clause of the will under construction—taken as an expression of the testator's intention—that it does not import an absolute estate to his wife, but does give to her, in express and apt words for the purpose, "all my (the testator's) estate *during* her natural life, for the benefit of herself and children, to be *used* as she may think proper."

The discretionary usufruct of the fund during life, means such a use as is consistent with the life estate expressly given; and the words used to express it cannot be seized upon by a technical *finesse* of the law, to enlarge the life estate given into an absolute estate, and thereby defeat the well-expressed and manifest intention of the testator. The added words, "to be used as she may think proper," do not make or create a *limitation over* inconsistent with the first estate given; nor do they necessarily or reasonably mean or implicate such use of the property as would *consume* it or empower it to be disposed of beyond the life estate.

This case does not fall within the ruling *rationale* of the cases of *May* v. *Joynes*, 20 Gratt., nor of *Rhett* v. *Mason*, 18 Gratt., 541.

In the case of *Randolph* v. *Wright*, 81 Va., Judge Lacy says that the case of *May* v. *Joynes*, is authority for itself alone, and commenting upon the cases of *Riddick* v. *Cahoon*, 4 Rand., 547; *Burwell* v. *Anderson*, 3 Leigh, 348; *Nelson* v. *Cooper*, 4 Leigh, 408; *Brown* v. *George*, 6 Gratt., 424; *Cole* v. *Cole*, 79 Va.; *Carr* v. *Effinger*, 78 Va., 147, he shows that in all these cases, either expressly or by necessary implication, authority was conferred on the first taker of the estate to consume it or dispose of it absolutely; but in the case under consideration, the words, "to be *used* as she may think proper," are only apt and proper words to describe the *use* of the life estate given to Mrs. Johns by the clause of which they are a part.

We find no error in the decree of the circuit court of Augusta appealed from, and are of opinion to affirm the same.

Decree affirmed.