Statement.

---

## Richmond.

HAWLEY & ANOTHER v. WATKINS.

January 14, 1909.

1. TRUSTS AND TRUSTEES—*Trustee's Interest Adverse to Beneficiary.*—
A person who has an interest in a trust fund directly antago-
nistic to that of the beneficiary, or whose wife has such an inter-
est, is not a proper person to act as trustee in the administration
of such fund.

2. TRUSTS AND TRUSTEES—*Breach of Trust by Trustee—Removal Case
at Bar.*—The evidence in the case in judgment shows that
the trustee in a deed of trust has been guilty of a breach of the
trust reposed in him, has neglected his duty, and has totally dis-
regarded the interest and welfare of the beneficiary under said
deed, and hence was properly removed as trustee.

3. WILLS—*Construction—Case in Judgment—Gift of Fee—Subsequent
Diminution—Repugnancy.*—A testator, by one clause of his will,
gave to his sister absolutely and in fee-simple certain property.
In the next clause he says: Inasmuch as my said sister is
mentally incapacitated from understanding or attending to busi-
ness matters, I desire that the circuit court appoint a trus-
tee to receive the said sum of money for the use and benefit of
my said sister, the said money to be advanced to her as she may
need it. Should any of said sum of money be in the hands of
said trustee at the death of my said sister, my desire is that the
same be equally divided between X and Y.

*Held:* The sister takes the full equitable ownership in the personalty
and an equitable fee in the real estate given in the first clause
which is not cut down nor diminished by the second clause or
the will. The limitation over is void for repugnancy.

Appeal from a decree of the Circuit Court of Floyd county.
Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Robert E. Scott* and *Dupuy & Whittle,* for the appellants.

*Howard & Howard, V. M. Sowder, R. F. Tompkins* and *Archer A. Phlegar,* for the appellee.

KEITH, P., delivered the opinion of the court.

Rosa B. Watkins filed her bill in the Circuit Court of Floyd county, from which it appears that she is a legatee and devisee under the will of Thomas R. Watkins, deceased. The clauses of the will which are material to the case before us are as follows:

"Sixth: The residue of my estate, real, personal, cash in hand or in bank, bonds, notes and accounts, choses in action, and all and everything of whatsoever kind, I give and bequeath and devise equally and jointly to my brothers, James E. Watkins, William C. Watkins, and my sister, Rosa B. Watkins, each receiving one-third thereof.

"Seventh: My will and desire is, that the sum hereinbefore devised to my sister Rosa B. Watkins, inasmuch as my said sister is mentally incapacitated from understanding or attending to business matters, I desire that the Circuit Court of Floyd county and State of Virginia, appoint a trustee to receive the said sum of money for the use and benefit of my said sister, the said money to be advanced to her as she may need it. Should any of the said sum of money be in the hands of said trustee at the death of my said sister, Rosa B. Watkins, my desire is that the same be equally divided between William C. Watkins and Nannie Hawley. The said trustee to be required to execute a good and sufficient bond, to be approved by said court, before he receives the said sum of money."

One John B. Hawley was appointed trustee; and the bene-

ficiary becoming dissatisfied with his administration of the trust, filed her bill, in which she makes very serious charges against him, asks that he be removed from the position of trustee, be required to settle his accounts, and that a suitable trustee be appointed in his stead; that the trust be administered under the direction of the court; and that the nature and extent of the interest taken by Rosa B. Watkins under the will of Thomas R. Watkins be ascertained and fixed.

All proper parties were made, and such proceedings were had that the circuit court entered a decree removing the trustee, appointing V. M. Sowder in his stead, directing a settlement of the accounts of John B. Hawley, and construing the sixth and seventh clauses of the last will and testament of Thomas R. Watkins as giving to Rosa D. Watkins an equitable estate in fee simple in the real estate devised to her, and a complete equitable interest in the personalty; and that the limitations over to William C. Watkins and Nannie A. Hawley were void for repugnancy and uncertainty.

From this decree an appeal was allowed upon the petition of John B. Hawley and Nannie Hawley, his wife.

There are three grounds of error assigned in the petition: First. That the demurrer to the bill was improperly overruled. But this assignment was withdrawn when the case was argued in this court, and this withdrawal of course carries with it the several assignments of grounds of demurrer.

The second assignment of error is to the removal of John B. Hawley as trustee; and the third is because the circuit court holds that Rosa B. Watkins took a fee simple interest under the will, and that the limitations over were void.

Whatever construction may be placed upon the will, whatever interest it may appear that Rosa B. Watkins takes under the will, we are of opinion that John B. Hawley was not a proper person to act as trustee. More especially would this be true if the court had held the limitation over to be a valid

one, because in that event the interest of his wife would be directly at war with that of Rosa B. Watkins, whose needs the testator sought to provide for.   If his wife was to have a share in what remained unexpended at the death of the life tenant, it was to the direct interest of the trustee to confine the expenditures within the narrowest limits, thereby to increase the remainder.

The charge in the bill is that Hawley wholly failed to discharge his duties as trustee; that he was close and disagreeable; that he failed to make suitable provision for the complainant; that he gave her no money; and that the sums expended for her support were wholly inadequate to her comfortable maintenance.

The judge of the circuit court was of opinion that the trustee "has not kept the high trust imposed on him by the will, is clear from the general statements of facts already adverted to, which might be extended and illustrated by many details set forth in the evidence, but which would not be profitable.   Suffice it to say that he has not provided her with suitable clothing, allowed her bed to be without necessary blankets for an entire winter; when sick, did not advance money to buy necessary medicine; has not spent as much as $100.00 on this beneficiary,  all told, during his trusteeship; has not given her one dime during the time; has given less than $2.00 to any lady friend to procure any article for his beneficiary peculiar to women's wants; all showing a breach of trust, neglect of duty and total disregard to the interest and welfare of the beneficiary which cannot be suffered to continue.   A trustee must be appointed who will wisely and judiciously administer this estate for the use and benefit of the plaintiff above, and thereby provide for her comfort and welfare which was the plain purpose and earnest desire of her deceased brother as expressed in his will, and who made ample provision therein to accomplish that end."

We think we may safely say there was no error in the removal of the trustee.

The third assignment of error presents a question which has frequently been before this court. It will be observed that Rosa B. Watkins takes one-third of what is bequeathed and devised under the sixth clause of the will. Her interest is as full and complete as that of her brothers, James E. and William C. Watkins, and this not as the result of artificial construction, but by force of the plain and unequivocal language which the testator has employed. By the seventh clause of the will the testator provides for "a trustee to receive the said sum of money, for the use and benefit of my said sister, the said money to be advanced to her as she may need it. Should any of said sum of money be in the hands of said trustee at the death of my said sister, Rosa B. Watkins, my desire is that the sum be equally divided between William C. Watkins and Nannie Hawley;" and the claim is that the effect of this language is to cut down the devise and bequest to her in the sixth clause, and reduce it to a life estate, with remainder to William C. Watkins and Nannie Hawley.

There is a line of cases in which this court has held that the grant of a life estate in property, followed by an unlimited power of disposition, vests in the beneficiary a fee simple.

Thus, in *May* v. *Joynes,* 20 Gratt. 692, there was a devise by the testator to his wife for life, with full power to make sale of any part of the said estate and to convey absolute title to the purchasers, and use the purchase money for investment or any purpose that she pleases; with only this restriction, that whatever remains at her death shall, after paying any debts she may owe, or any legacies that she may leave, be divided as follows, among my children and grandchildren;" and it was held that the wife took a fee simple.

That case has been followed in many subsequent decisions,

among others, *Davis* v. *Heppert,* 96 Va. 775, 32 S. E. 467, where an estate for life, coupled with absolute power of disposition, was held to create a fee simple; and *Brown* v. *Strother,* 102 Va. 145, 47 S. E. 236, where there was a devise to a brother and sister of testator of "all I possess on earth for their support, to be used in no other way," with a limitation over "if there is any left after their death," and the limitation over was held to be void, and that the brother and sister took an estate in fee simple.

In those cases, language similar to that employed in the seventh clause of this will, and which is here relied on to reduce to a life estate a devise in a previous clause which, without dispute, standing alone carried the full ownership of the personalty and a fee simple interest in the realty, was held sufficient to vest a fee simple in those who had, by a previous clause, been given only a life estate.

In *Gaskins* v. *Hunton,* 92 Va. 528, 23 S. E. 885, referring to the bill under consideration in that case, the court said: "The words used by the testator in that portion of his will in which the general or principal distribution of his estate is made are appropriate words for creating an absolute estate, and are all that are necessary for that purpose; and those provisions of the will must be construed as clearly giving to his children a fee simple in the lands devised them, and an absolute estate in the personalty bequeathed them, unless the subsequent provision of the will, by which the testator disposes of the residue of his estate, limits or diminishes that interest. It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate

before given be as clear and decisive as the terms by which it was created."

Can we say that the language of the seventh clause meets the requirements of the law as thus stated? We think there can be but one answer to this question, in the light of the decisions of this court already referred to and many others which we have not thought it necessary to mention.

Appellants place much reliance upon the cases of *Johns* v. *Johns,* 86 Va. 333, 10 S. E. 2, and *Miller* v. *Porterfield,* 86 Va. 876, 11 S. E. 486, 19 Am. St. Rep. 919; but this court, referring to those two cases in *Bowen* v. *Bowen,* 87 Va. 440, 12 S. E. 885, 24 Am. St. Rep. 664, said, that they were to be distinguished from *Bowen* v. *Bowen* and the cases there cited by the circumstance that in *Johns* v. *Johns* the power of disposal was not absolute in the first taker, for her sole benefit, but also for the benefit of her children; and in *Miller* v. *Porterfield,* for the benefit, not of herself alone, but of a named beneficiary.

In the case of *Hall* v. *Palmer,* 87 Va. 354, 12 S. E. 618, 24 Am. St. Rep. 653, 11 L. R. A. 610, the testator bequeathed to his five daughters two-thirds of his estate, to be equally divided between them, and afterwards provided that the interest of two of them should be held by his executor for their sole use and benefit during their natural life, and at their death the balance, if any, to their children. It was held that the daughters took a fee simple absolute, and the limitation over was void for repugnancy. The opinion in this case cites many English authorities, which illustrate the doctrine which prevails in this court, that after an absolute property given to one, with an unlimited power to dispose of it, express or implied, a disposition by the donor of so much of the property as may not be disposed of by the donee or legatee, to another, is void, because of the inconsistency and the uncertainty as to

what part of the property is to go over." 3 Brown's Parl. Cas. 314.

We are of opinion that there is no error in the decree, which is affirmed.

*Affirmed.*