# Richmond.

ROLLEY v. ROLLEY'S EXECUTRIX AND OTHERS.

March 11, 1909.

Absent, Cardwell, J.

1. WILLS—*Devise for Life With Power to Consume Fee—Repugnancy.*—A devise and bequest by a husband to his wife of all his property to be used and enjoyed by her during her life or widowhood, in such quantities as may be requisite for her comfortable maintenance, vests in the wife a fee simple estate in the real property and an absolute estate in the personalty, and a limitation over to any one of any estate in the property so devised and bequeathed is void for repugnancy and uncertainty.

Appeal from a decree of the Circuit Court of Northampton county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Kendall & Daniel,* for the appellant.

*Otho F. Mears,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case calls for the construction of certain clauses of the will of William S. Rolley.

"Secondly, I desire and direct that at the time of my decease, all the property of every kind, real, personal and mixed,

of which I may at that time be seized and possessed, shall pass into the possession of my beloved wife, Mary A. Rolley, and so remain, to be used and enjoyed by her, in such quantities as may be requisite for her comfortable maintenance, so long as she shall remain my widow, and hence, to that end and extent only, I do hereby give and bequeath the same to her, my said beloved wife Mary A. Rolley.

"Thirdly, And I furthermore desire and direct that, at such time as my said beloved wife, Mary A. Rolley, shall cease to be my widow, all of the property received by her hereunder, which shall then be unconsumed, shall then pass to and become the property of my beloved daughter, Elizabeth B. Rolley, for the term of her natural life, provided, however, that she, my said beloved daughter shall not live to attain the age of twenty-one years, and hence, subject to the foregoing provisions and to the extent aforesaid, I do give and bequeath the said property to her, my said beloved daughter, Elizabeth B. Rolley.

"Fourthly, And I do furthermore desire and direct, that if my said beloved wife, Mary A. Rolley, shall at any time cease to remain my widow, thereby causing the property hereinbefore disposed of to pass as aforesaid unto the said Elizabeth B. Rolley, and the said Elizabeth B. Rolley shall not live to attain the age of twenty-one years that, at the death of the said Elizabeth B. Rolley, all the property so passing to her as aforesaid, shall then revert unto the said Mary A. Rolley, whether at such time she be my widow or not, absolutely and in fee simple.

"Fifthly, And I do furthermore desire and direct, that if the said property hereinbefore disposed of shall by any provision of this my last will and testament pass into the possession of my said beloved daughter, Elizabeth B. Rolley, and she, the said Elizabeth B. Rolley, shall live to attain the age of twenty-one years, that upon her so arriving at age, all of the said property shall then become hers, in fee simple and absolutely, and hence, to the extent named in this and the fourth section or paragraph of this my last will and testament, and subject

to the provisions therein contained, I do give and bequeath all the said property."

By the sixth and seventh clauses of the will, he appoints his wife the guardian of his daughter and the executrix of his estate.

The circuit court was of opinion that under this will the widow took an estate in all the property, real and personal, for life, or during widowhood, with remainder over to Elizabeth B. Rolley in defeasible fee, contingent upon the latter's death during infancy, the said property to pass, in the event of such contingency, to the said Mary A. Rolley, in fee simple.

As is said in the petition for appeal, this is one of many cases where the testator has sought to bestow upon the beneficiary of his bounty an estate with the attributes of a fee simple, or authority to consume it, and yet provide that if the beneficiary shall fail to exercise such authority, the property shall go over to another.

In *Farish* v. *Wayman,* 91 Va. 430, 21 S. E. 810, after considering a number of authorities, Judge Harrison, speaking for this court, says: "The cases cited clearly establish that whenever it is the intention of the testator that the devisee shall have an unrestrained power of disposition over the property devised, whether such intention be expressed or necessarily implied, a limitation over to another is void, because it is inconsistent with, and repugnant to, the estate given to the first devisee, although the will shows that it was the testator's intention, in respect to the property given to the first taker, that 'what may remain of the same,' or 'whatever may remain at his death,' or 'so much thereof as may be in existence at his death,' or 'such part as he may not appropriate,' or 'what may be on hand at his death,' should go to another. Such intention must fail on account of its uncertainty, and the first taker acquires the absolute property."

In *Brown* v. *Strother,* 102 Va. 145, 47 S. E. 236, the testator gave to "William and Effie, my brother and sister, all I

possess on earth for their support, to be used in no other way, and I hereby appoint Thadeus Hatcher my trustee, without security, to see that it is judiciously used. On no occasion are they to have any part of it while they remain on this farm, and if there is any left after their death, I give to J. Homer Mock and Lucy V. Mock fifty dollars apiece, and I give all that is over to the youngest child of the late Edward Brown." In this case, not only was there a devise over to another of what was left after the death of the first takers, but a trustee was appointed to see that what was given to his brother and sister for their support was judiciously used by them for that purpose. But the court was of opinion that there was an implied power to consume the entire estate, and the limitations over were held void for repugnancy and uncertainty.

These cases and the authorities upon which they rest seem to control the construction of the will under consideration. The testator bequeathed all of his property of every kind to Mary A. Rolley, to be used and enjoyed by her during her life or widowhood, in such quantities as might be requisite for her comfortable maintenance. It is subjected to her uncontrolled discretion, to be used and enjoyed for her comfortable maintenance as she may see fit; and this language, under the authorities cited, clothes her with an unrestrained power of disposition over the property devised.

This view is strengthened by the language of the third clause, where it is provided that when "my beloved wife, Mary A. Rolley, shall cease to be my widow, all of the property received by her hereunder, which shall then be unconsumed, shall pass and become the property of my beloved daughter * * *."

For these reasons, we are of opinion, that by the will of the testator his widow took an absolute estate in the personalty and a fee simple in the realty.

The decree of the circuit court is therefore reversed.

*Reversed.*