# Wytheville.

RANDALL AND OTHERS v. HARRISON'S EXECUTOR AND OTHERS.

June 10, 1909.

Absent, Harrison, J.

1. ESTATES—*Gift of Life Estate—Power Over Fee—Gift Over of What "May be Left."*—A gift of a life estate, with power to the donee to use any and all of principal, vests in the first taker a fee simple in the lands, and an absolute estate in the personal property so given, and a gift over of "what may be left" is void.

Appeal from a decree of the Circuit Court of Cumberland county. The decree appealed from was not adverse to the complainant, but was in favor of one defendant as against other defendants, and the latter appeal.

*Affirmed.*

*Willis B. Smith* and *R. T. W. Duke, Jr.,* for the appellants.

*Wm. H. Mann, Christian, Gordon & Christian, B. B. Woodson* and *Wm. M. Smith,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal involves the construction of the following clause of the will of Randolph Harrison, deceased:

"I give and bequeathe to my dear wife, Harriet H. Harrison, for and during her natural life, all my estate real and personal that may be left after paying my just debts. And as I know the unstable and fluctuating value of real estate in Virginia and the difficulty of selling landed property at anything like a fair valuation, and that there may be yet a further shrinkage,

so that there may not be enough left from the proceeds after paying my debts and defraying all charges to give her, the said Harriet H. Harrison, a decent maintenance from the interest in such residue (if it should be necessary to sell all my property) ; and as I deply regret having induced my wife to relinquish her right of dower to secure a debt of six thousand dollars ($6,000.00) due Messrs. Wyman and Byrd, I hereby empower her, my wife before named, to use any and all of the principal, as well as the interest of the amount that may be left as above stated after settling up my estate, but it is my wish and injunction, which I know will be faithfully carried out by my dear wife, that the principal of any amount left from my estate be drawn upon only to supply her own necessities. I hold that property should revert to the source whence it came; accordingly it is my desire that anything that may be left after the death of my wife should be divided amongst my brothers and sister J. N. Harrison, and the children of my brother B. H. Harrison, *per stirpes.*"

The circuit court decreed that, subject to the debts of the testator, his widow took a fee-simple estate in the lands and an absolute estate in the personal property whereof he died seized and possessed.

The principle here involved has been so repeatedly decided by this court that we feel that further discussion of it can serve no good purpose. The case is ruled, and the decree of the circuit court sustained, by a long line of decisions of which *May* v. *Joynes*, 20 Gratt. 692; *Farish* v. *Wayman*, 91 Va. 430, 21 S. E. 810; *Robertson* v. *Hardy's Admr.*, 2 Va. Dec. 275, 23 S. E. 766; *Brown* v. *Strother*, 102 Va. 145, 47 S. E. 236; *Hawley* v. *Watkins*, *ante*, p. 122, 63 S. E. 560, 2 Va. App. 819 ; *Rolley* v. *Rolley*, *ante*, p. 449, 63 S. E. 560, and *Hunter* v. *Hicks*, *ante*, p. 615, 64 S. E. 988, 3 Va. App. 147, are illustrations.

The decree appealed from follows these precedents and must be affirmed.

*Affirmed.*