## Staunton.

HANSBROUGH, ADMINISTRATOR, AND OTHERS V. TRUSTEE OF
PRESBYTERIAN CHURCH.

September 9, 1909.

1. WILLS—*Construction—Devise for Life—Power Over Fee.*—A devise
of an estate for life, coupled with absolute power of disposition,
either express or implied, comprehends everything, and the de-
visee takes the fee. This is now a canon of property in this
State. *Miller* v. *Porterfield*, 86 Va. 881, overruled.

Appeal from a decree of the Corporation Court of the city
of Roanoke. Decree in favor of one of the defendants in a suit
in chancery brought by the heirs of Annie M. Moorman for a
partition of the real estate whereof she died seised and possessed,
and for the construction of the will of her husband, R. B.
Moorman. Complainants appeal.

*Reversed.*

The opinion states the case.

*Robertson, Hall, Woods & Jackson*, for the appellants.

*Dupuy & Whittle, Scott & Buchanan* and *H. T. Parrish*, for
the appellees.

HARRISON, J., delivered the opinion of the court.

This appeal involves a construction of the following pro-
vision of the will of Robert B. Moorman, deceased:

"I hereby give and bequeath to my wife, Annie M. Moorman, all my property, both real and personal (after my debts have been paid), to have and to hold the same for her own personal use and benefit, and to use the whole of my estate during her life, if she can thereby promote her happiness and the welfare of our loved ones. Whatever amount may be unexpended at her death, I will shall be divided into five equal portions, one of which shall be for the benefit of each of my four dear children and their heirs, and the fifth portion for such beneficent purposes as my wife may select, or, she failing to express such preference, for the Home Missions Work of the Southern Presbyterian Church."

The Corporation Court of the City of Roanoke decreed that Annie M. Moorman did not take a fee simple in the estate passing under the will of her husband, subject to the payment of debts, but only a life estate, and that all of the estate of the testator which remained unexpended at the time of her death passed at once, in equal portions, in fee simple, to the five remaindermen named in the will.

This decree cannot be sustained. The case is clearly ruled by a long line of decisions of this court, of which *Randall* v. *Harrison,* 109 Va. 686, 64 S. E. 992, is the latest. The rule which controls these decisions, which has become a canon of property, is that an estate for life, coupled with absolute power of disposition, either express or implied, comprehends everything, and the devisee takes the fee. Further elaboration or discussion of the subject can add nothing to what has already been said in the numerous cases to which we have adverted.

In the light of these decisions, there can be no doubt that Annie M. Moorman is given by the will under construction the absolute power to use and consume the entire estate, and therefore, she took a fee simple therein.

The case of *Miller* v. *Porterfield,* 86 Va. 881, 11 S. E. 486, 19 Am. St. Rep. 919, is relied on to sustain the decree appealed from. That case has been practically overruled. It is in con-

flict with the cases involving the question at issue which preceded it, and has not been followed by the numerous decisions which have succeeded it.

The decree complained of must be reversed and set aside, and the cause remanded for a decree to be entered in accordance with this opinion.

*Reversed.*