# Richmond.

## CRUTCHFIELD AND OTHERS v. GREER.

### March 14, 1912.

1. WILLS—*Construction—Rules of Law.*—In arriving at the intention of a testator, not only must the will be read as a whole, but the established rules of law as to the construction of wills are also to be considered.

2. WILLS—*Construction—Fee to First Taker—Limitation Over.*—When an estate is given, coupled with the absolute power of disposition, either express or implied, it comprehends everything, and the donee takes the fee. Any subsequent limitation over to another is repugnant and void.

3. WILLS—*Construction—Fee to First Taker—Limitation Over—Case in Judgment.*—A testatrix, by her will, declares: "Should I have an heir or heirs, I will my property, after my just debts are paid, to be equally divided among the said children at the death of my husband. * * * Should I die without heirs, the entire property I own is to go to my beloved husband, to dispose of as he may wish. Should I die without husband or heirs, said property is to go to my beloved brother, or should my husband die without a will after my decease the said property is to go to my said brother." The testatrix died without children, and it is conceded that the word "heirs" in the will means children. It was contended that under the second and third clauses of the will, construed together, the husband took only a life estate, with power of appointment by will, with a limitation over to the brother in case no such appointment was made.

   *Held:* Under the second clause of the will the husband took a fee in the land and the absolute estate in the personalty, and the limitation over in the third clause of the will is repugnant and void.

Error to a judgment of the Circuit Court of Franklin county in an action of ejectment. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson* and *L. W. Anderson,* for the plaintiffs in error.

*W. J. Henson* and *Dillard & Lee,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of ejectment was brought by the defendant in error to recover of the plaintiffs in error a tract of land containing 267 acres, situated in the county of Franklin.

It is conceded that the whole controversy turns upon the proper construction of the will of Olivia J. Helms, dated June 21, 1870, which is as follows:

"I, Olivia J. Helms, declare the following lines to be the last wishes in regard to the disposal of my property.

"Should I have an heir or heirs, I will my property, after my just debts are paid, to be equally divided among the said children at the death of my husband (G. M. Helms), but until that time the said husband is to have the management of the said property for the benefit of the said heirs and himself; however, none of the said property is to go for the debts he contracts, but is to be a home for himself and my children, allowing all he makes off the said property to go in the manner he wishes.

"Should I die without heirs, the entire property I own is to go to my beloved husband (G. M. Helms), to dispose of as he may wish.

"Should I die without husband or heirs, the said property is to go to my beloved brother, Samuel Helms, or should my husband die without a will after my decease the said property is to go to the said Samuel Helms.

"The above is written when I am in perfect health and sound mind."

It is conceded that the testatrix in the use of the term "heirs" in this will meant children. As the testatrix died about one year after the date of this will, without children, the first clause sheds little or no light upon the construction of the subsequent clauses.

The second paragraph of the will, which is as follows: "Should I die without heirs, the entire property I own is to go to my be-

loved husband (G. M. Helms), to dispose of as he may wish," is so clear and unequivocal in its meaning that it admits of but one interpretation, and that is that the beneficiary thereunder took a fee simple in the real estate left by the testatrix and an absolute estate in her personal property, with the right to dispose of such estate as he might wish.

The third and last clause of the will is as follows: "Should I die without husband or heirs, the said property is to go to my beloved brother, Samuel Helms, or should my husband die without a will after my decease the said property is to go to the said Samuel Helms."

It is contended that, to ascertain the intention of the testatrix, the second and third clauses must be read together, and that, when so considered, it makes the language of the second clause, "to go to my beloved husband (G. M. Helms), to dispose of as he may wish," mean "to go to my beloved husband, to dispose of *by will* to whomsoever he may wish." In other words, the contention is that the husband (G. M. Helms) only took under the will a life estate, with power of appointment by will, with limitation over to Samuel Helms if he failed to make such an appointment. This view cannot be sustained. The language "Should I die without heirs, the entire property I own is to go to my beloved husband (G. M. Helms), to dispose of as he may wish," does not admit of being restricted to a disposition by will. "To dispose of as he may wish" means a disposition at any time and in any manner that he may wish. The power of alienation in the husband is unrestrained and unlimited.

"In arriving at the intention of a, testator, not only must his will be read as a whole, but the established rules of law as to the construction of wills are also to be considered." *Whittle* v. *Whittle*, 108 Va. 22, 60 S. E. 748.

In the construction of wills it is a well settled rule of law that an absolute power of disposal by the first taker renders a subsequent limitation repugnant and void. As said in *Rolley* v. *Rolley*, 109 Va. 449, 63 S. E. 988, 21 L. R. A. (N. S.) 64, this is one of the many cases where the testator has sought to bestow upon the beneficiary of his bounty an estate with the attributes of a fee simple, or authority to consume it, and yet provide that

if the beneficiary shall fail to exercise such authority the property shall go over to another.

The language of the third clause, "or should my husband die without a will after my decease the said property is to go to the said Samuel Helms," is repugnant to the fee simple, which carries with it the absolute power of disposition, given to the husband (G. M. Helms) in the second clause, and is therefore void.

This doctrine has been reiterated by this court in numerous cases, of which it is sufficient to cite the following: *Farish* v. *Wayman,* 91 Va. 430, 21 S. E. 810; *Bing* v. *Burruss,* 106 Va. 478, 56 S. E. 222; *Hunter* v. *Hicks,* 109 Va. 615, 64 S. E. 988. In the case last cited it is said: "The cases cited clearly establish that, whenever it is the intention of the testator that the devisee shall have an unrestrained power of disposition over the property devised, whether such intention be expressed or necessarily implied, a limitation over to another is void, because it is inconsistent with and repugnant to the estate given to the first devisee, although the will shows that it was the testator's intention, in respect to the property given to the first taker, that what remained of the same, or whatever may remain at his death, or so much thereof as may be in existence at his death, or such part as he may not appropriate, or what may be on hand at his death, should go to another. Such intention must fail on account of its uncertainty, and the first taker acquires the absolute property."

The rule in these cases, which has become a canon of property, is that when an estate is given, coupled with the absolute power of disposition, either express or implied, it comprehends every thing, and the devisee takes the fee.

The husband (G. M. Helms) having taken a fee simple estate in the land in controversy, under the will of his wife, Olivia J. Helms, it is immaterial whether he disposed of it or not. It is sufficient that he had the power to dispose of it.

The circuit court having instructed the jury that G. M. Helms took only a life estate in the property in controversy, with power of appointment by his last will, and that, in default of making a will, the property passed to Samuel Helms, its judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial, to be had in accordance with the views expressed in this opinion.        *Reversed.*