# Richmond

## Home Mission Board of the Southern Baptist Convention v. Thomas S. Kirkpatrick, Administrator, Etc.

April 26, 1943.

Record No. 2654.

Present, Campbell, C. J., and Holt, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Montague & Montague*, for the appellant.

*Kemp & Davidson* and *William S. Mundy, Jr.*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal involves the construction of the will of Emily C. Pryor. The pertinent provisions of the will are as follows:

"Papers have been legally prepared to transfer the payments due each month from the property known as 1342 Monroe St. N. W., Washington, D. C., to my two nieces, Mary S. Diuguid and Anna D. Turner, after my death.

"I want the payments of forty-five dollars due each month from the property on Wilson Boulevard in Arlington, Va., now: (but formerly known as Ballston, Va.) paid to my sister, Nora A. Diuguid, after my death.

"If my sister does not survive me, these monthly payments from the property on Wilson Boulevard, now owned by Mr. U. M. Gaile must be made to my two nieces after my death, each niece having an equal share.

"I request each niece to bequeath at her death a sum of money equal to that she has received from properties here mentioned, to a hospital, or some institution for the benefit of the sick or poor.

&ast; &ast; &ast; &ast; &ast; &ast;

"All the remainder of my possessions which consist of real estate or property I bequeath to the Home Mission Board of the Southern Baptist Convention, located at Atlanta, Ga.

&ast; &ast; &ast; &ast; &ast; &ast;

"If my two nieces prefer the property, 230 Warwick Lane to the property, 1342 Monroe Street, N. W., Washington, D. C., and the Home Mission Board will agree to an exchange, I would like it."

A controversy having arisen between appellant and Mary S. Diuguid and Anna D. Turner, appellees (legatees under the will), as to the ownership of the sum of $4,000 deposited by testatrix during her lifetime in the Peoples National Bank of Lynchburg, Thomas S. Kirkpatrick, Administrator, c.t.a. of the estate, filed his bill of complaint in which the court was asked to construe the will of Emily C. Pryor, deceased, to determine the rights of appellant and appellees and to direct him in the administration of the estate. Appellant and appellees were made parties defendant.

Appellant, by its answer, asserted that said $4,000 passed to it under the residuary provision of the will. Appellees, Mary S. Diuguid and Anna D. Turner, by their answer, asserted that the sum of $4,000, which the testatrix acquired after she made her will, was the proceeds from the sale of the Washington, D. C., property mentioned in the will; and that said sum was deposited in a savings account in the bank and kept intact by testatrix, and was bequeathed to them as a demonstrative or specific legacy.

The case was heard upon the bill of complaint, the answer of the named parties defendant, a stipulation of facts and depositions of witnesses.

The trial court, by its final decree, adjudged and decreed that it was the intention of the testatrix, as expressed in her

will, that Mary S. Diuguid and Anna D. Turner should receive as a specific legacy the proceeds from the sale of the property in the city of Washington, D. C. From that decree this appeal was allowed.

Some years prior to the execution of her will, the testatrix and her sister, Clara C. Baird, owned jointly the real estate situated in Washington. On November 12, 1929, Clara C. Baird died testate and by her will her one-half interest in the property was devised to Emily C. Pryor for life, with remainder to Mary S. Diuguid and Anna D. Turner.

On March 2, 1936, Emily C. Pryor, Mary S. Diuguid and Anna D. Turner united in a conveyance of this property to Leroy F. Dodson, for the sum of $10,000, payable $500 in cash and the balance in monthly installments. Subsequently, Dodson conveyed the property to one Harry A. Lane, the consideration being the assumption of the unpaid purchase money then due. Sometime after the conveyance to Lane, Emily C. Pryor, Mary S. Diuguid and Anna D. Turner agreed with Lane to accept a cash payment of $8,000. This sum was paid in November, 1939, and $4,000 of said sum was deposited on savings account in Emily C. Pryor's name, for life, with remainder to Mary S. Diuguid and Anna D. Turner, and the other $4,000 was deposited in the bank on the personal savings account of Mrs. Pryor.

The evidence shows, without cavil, that this deposit was kept intact by Mrs. Pryor in the savings account until her death. The evidence also discloses that though urged by her nieces to use this money to pay her hospital bill, she stated that she considered the money belonged to them because it had been put in the bank for them after her death; that she wanted them to have it and declined to spend any part thereof.

The rule for construction of wills has been so repeatedly stated by this court that it is needless to cite all of the authorities dealing with the question.

The accepted criterion, that intention of the testator is the polar star in the construction of wills, is found in

*Conrad* v. *Conrad's Ex'or,* 123 Va. 711, 97 S. E. 336. There it is said:

"In ascertaining this intention, the language used, and the sense in which it is used by the testator, is the primary source of information, as it is the *expressed* intention of the testator which is sought.

"Isolated clauses or sentences are not to be considered by themselves, but the will is to be considered as a whole, and its different clauses and provisions examined and compared so as to ascertain the general plan and purpose of the testator, if there be one. Nothing is to be added to or taken from the language used, and every clause and every word must be given effect, if possible."

It is the contention of appellant that the legacy in the will of Mrs. Pryor was adeemed by reason of the fact that the legacy was of the purchase money note, and not of the proceeds of the sale of the interest of testatrix in the Washington property.

This contention is untenable. The fact that the proceeds of the Washington property were left intact and preserved, admittedly for appellees, demonstrates that no ademption was intended. All that occurred by reason of the deposit of the $4,000 was merely a change in form of the proceeds of sale. This conclusion is further fortified by the intention of the testatrix, as shown by the language of the will. When the will, *supra,* is measured by the tape of intention, it is perfectly apparent that testatrix intended that her nieces should, at her death, have the proceeds of her Washington property.

In the first sentence of the will, testatrix declares her intention that appellees should have the "payments" from the Washington property after her death. The second and third sentences in the will clearly show that testatrix intended her nieces to receive a "sum of money" and, necessarily, it was to be derived from her estate. In the last sentence of the will, "proceeds" must have been intended, for, at the time of the execution of the will, the Washington property had then been

sold and the "proceeds" deposited in the bank at the direction of the testatrix.

This conclusion is not only fortified by the frequently expressed intention of testatrix to make her nieces her legatees, but also by a letter written by her to Washington Loan and Trust Company on March 2, 1936. While it is true the request contained in the letter—that the Trust Company collect the Dodson note—was not carried out, the language employed in the letter has a significant bearing on the question of intention:

"Gentlemen:

"I hereby deposit with you for collection a first deed of trust note of $9,500.00, signed by LeRoy F. Dodson, dated—March 2, 1936,—payable in monthly instalments of $75.00 per month including interest at 6% per annum, until paid, and secured on Lot 39 in Square 2837, known as premises 1342 Monroe Street, N. W., which note is payable to my order and is endorsed by me.

"You are hereby authorized to apply the collections to be made by you on said note as follows:

"1.   Such portion of said collections as is in payment of interest on the principal of the debt represented by said note you are to remit to me for my lifetime.

"2.   One-half of such portion of said collections as is in amortization payment of said principal you are also to remit to me for my lifetime.

"3.   The other one-half of said principal-amortization collections you are to remit in equal proportions to Mary S. Diuguid and Anna D. Turner, 616 Court Street, Lynchburg, Virginia.

"4.   After my death, all the principal of said debt, uncollected or unremitted to me, as well as all interest thereafter collected on said debt, shall be paid to said Mary S. Diuguid and Anna D. Turner, equally as aforesaid."

That the testatrix at no time intended appellant to receive the money deposited in bank is, we think, conclusively shown by the residuary clause of the will:

"All the remainder of my possessions which consist of *real estate or property.* I bequeath to the Home Mission Board of the Southern Baptist Convention, located at Atlanta, Ga."

There is not even an implication in this residuary clause that testatrix intended to dispose of any property except real estate. The word "bequeath," used in the clause, is a misnomer, as real estate is devised, not bequeathed.

In our opinion appellant is entitled to receive only what testatrix clearly intended it to receive, viz: valuable real estate situated in Virginia and Georgia.

There is no error in the decree complained of and, therefore, it is affirmed.

*Affirmed.*