# Richmond.

## WHITTLE AND OTHERS V. WHITTLE'S EXECUTORS.

### March 12, 1908.

### Absent, Whittle J.

1. WILLS—*Construction.*—In arriving at the intention of a testator not only must his will be read as a whole, but the established rules of law as to the construction of wills are also to be considered.

2. WILLS—*Construction—Bequest to Several.*—If a bequest is made to several persons in general terms they take *per capita,* or in equal shares. The same rule applies where a bequest is to one who is living and to the children of another who is dead, or where the gift is to A's and B's children, or to the children of A and the children of B.

3. WILLS—*Construction—Residuum Bequeathed to Several—Case in Judgment.*—A testatrix possessed of personal property only, after making sundry specific bequests, adds a residuary clause as follows: "Should there be any left, after these gifts named, from varying value of stocks, at the time of my death, I wish it to be distributed between Mary Tremaine and her daughters, in trust to Dr. G. L. Sinclair, and to S. Blackiston and her daughters, Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle." Mary Tremaine and S. Blackiston were nieces of testatrix's husband. Jane Barr and Gilberta S. Whittle were nieces both of the testatrix and her husband. To each of the ten persons mentioned in the residuary clause the testatrix had given specific legacies of like amount. The question submitted is whether the residuum shall be divided into six parts and one of them given to Mary Tremaine and her two daughters, another to S. Blackiston and her two daughters, and one to each of the other residuary legatees mentioned; or whether it shall be divided into ten parts and one part given to each of the persons referred to.

*Held:* The residuum should be divided into ten parts, and one part given to each of the ten persons described in the residuary clause.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. This suit was brought by the executors to construe the will of their testatrix. From a decree construing the will some of the legatees appeal.

*Affirmed.*

The opinion states the case.

*Withers & Green* and *L. L. Lewis,* for the appellants.

*Loyall, Taylor & White* and *C. Whittle Sams,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This appeal brings under review the decree of the Court of Law and Chancery for the city of Norfolk, construing the clause of the will of Mrs. Gilberta M. Whittle, late of that city, disposing of the residuum of her estate, consisting entirely of personal property.

The will is wholly in the handwriting of the testatrix, an old lady of intelligence and generously disposed alike to the next of kin of her husband, who had preceded her to the grave, and her own kin, especially remembering in the disposition of her bounty certain of them named who had been particularly kind and considerate of her.

The learned judge below has in a written opinion made a part of the record clearly outlined the provisions of the entire will, concisely stating the question involved, and in a very satisfactory manner discussed the principles of law applicable to the case. Upon a careful consideration of the record and the oral arguments and printed briefs of the learned counsel, it is found that the views of this court of the case are so fully and clearly expressed in the opinion of the learned judge of the court below, that it would be needless for us to do otherwise than to adopt it as the opinion of this court. It is as follows:

"This case is a suit in chancery, brought by the executors of Gilberta M. Whittle, to construe the clause in her will disposing of the residue of her estate. The clause reads as follows:

'Should there be any left, after these gifts named, from varying of value of stocks, at the time of my death, I wish it to be distributed between Mary Tremaine and her daughters, in trust to Dr. G. L. Sinclair, and to S. Blackiston and her daughters, Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle.'

"By the bill and answers it appears that Mary Tremaine and Sally Blackiston were the nieces of testatrix; Jane Eliza Barr and Gilberta S. Whittle were the nieces both of testatrix and of her husband; Kate Whittle and Emily Jones were the nieces of testatrix's husband; Claire and Gladys, the daughters of Mary Tremaine, and Nannie and Claire, the daughters of Mrs. Blackiston, were grand-nieces of the testatrix.

"By the second clause of the will testatrix gave to Sally K. Baker, Jane Eliza Barr, Elizabeth B. Terry, Gilberta S. Whittle, Emily C. Jones and Dr. L. C. Shepherd, each $1,000.

"By the third and fourth clauses she left legacies to Fortescue Whittle and S. G. Whittle, respectively.

"By the fifth clause, to her niece, Mary Tremaine, and each of her daughters, Claire and Gladys, in trust to Dr. Sinclair, $1,000.

"By the sixth clause, to Mrs. Irvine, a legacy.

"By the seventh clause, to her niece, Sally Blackiston, $1,000, and to each of her two daughters, Nannie and Claire, $1,000.

"By the eighth clause, legacies to each of the daughters of William C. Whittle, and finally, by the ninth clause, the residue of her estate.

"The question submitted to the court is, whether the said residue should be divided into six parts, one part for Mary Tremaine and her two daughters, one part for Mrs. Blackiston and her two daughters, and one part each for Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle, or whether it should be divided into ten parts, one for each of the persons referred to.

"This question is not without difficulty, and it has been ably argued by the learned counsel for the respective parties.    It is

agreed upon by all parties and is the settled law, that the sole question to be determined is, what was the intention of the testatrix, and that her intention is to be gathered from the will taken as a whole.

"The whole estate of testatrix consisted of personal property, and it appears from her will that she thought that she was disposing of all of it by the legacies left in the second, third, fourth, fifth, sixth, seventh and eighth clauses of her will; this is not only shown by the expression of doubt as to any residue being left, used in the ninth clause, but by the direction in one of her codicils, that there should be a small abatement of the legacies, if necessary, to pay her nurse, Mrs. Jordan, $500.

"In arriving at the intention of the testatrix, not only the whole of her will, but also the established rules of law as to the construction of wills are to be considered, and the court is to be guided by such rules in the construction of this will.

"The general rule is well established in Virginia, that if a bequest is made to several persons in general terms, each individual will, of course, take the same share, or *per capita*. The same is the rule where a bequest is to one who is living and to the children of another who is dead, or where the gift is to A's and B's children, or to the children of A and the children of B.

" 'The substance of this rule of construction is, that in the absence of explanation, the children in such a case are presumed to be referred to as individuals and not as a class, and that the relations existing between the parties, and the operation which the statute would have upon those relations in case of intestacy, are not sufficient to control this presumption.' *Hoxton* v. *Griffith,* 18 Gratt. 577-8.

"Counsel for the defendants, Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle, admit this to be the rule, but contend that this case does not come within it:

"1st: Because this is a 'bequest to several named individuals and to others as a class'; and, .

"2nd: Because a reference to other parts of the will shows the intention to make it such a bequest, even if upon its face it is not one of that character.

"The first contention, if true, of course, is decisive of the case, but such contention is the very question submitted to the court, and the language of the bequest is not such as to decisively declare it to be such a bequest or to remove any doubt as to its character.

"In the case of *Lackland's Heirs* v. *Browning's Ex'ors,* 11 B. Monroe (Ky.) 32, which appears to be the chief case relied on by counsel, the language of the will is quite different from that of the will in the case at bar, and the opinion of the court does not seem to support counsel's contention. On the contrary, Chief Justice Marshall says (pp. 33-34) : 'The testator directs the residue to be equally divided, not between his brother and his children, and his two sisters and their children, and the children of his deceased sisters, and their children, but between his brother and two sisters and the children of another, etc.' While in the case at bar the language is, 'to be divided between Mary Tremaine and her daughters, in trust to Dr. G. L. Sinclair, and to S. Blackiston and her daughters, Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle;' language very similar to that used by Judge Marshall in the above case in referring to a case where the devisees would take *per capita* and not *per stipes.*

"But is there anything in the other parts of the will to show that the testatrix intended to make this a bequest to a class, or rather to two classes, and not to individuals ?

"I have examined the will carefully and can find nothing in it to show any such intention; on the contrary, it seems to me that the whole scheme of the will shows a contrary intention. In the former parts of the will testatrix had given to each of the persons named in the residuary clause $1,000, or an equal share of her property. She had made no discrimination between them, though they stood in different degrees of relation-

ship to her, two of them being no relations whatever, but only nieces of her husband. If there had been no residue of her estate, as the testatrix supposed, then each of the ten persons would have shared equally in her property. Can it be supposed that because there developed a residue that her intention was to treat these ten persons differently, to make them share unequally in such residue; to give to two of her own nieces, Mary Tremaine and Mrs. Blackiston, a much smaller share than to her other two nieces (though they were also nieces of her husband) and to give to Kate Whittle and Emily Jones, who were no relations of hers at all, a much larger share of her estate? In the absence of any language in the will clearly showing such intention, the court will not infer it but will presume (there being nothing to show an intention to the contrary) that she intended the ten beneficiaries mentioned in the ninth clause of her will to share the residue of her estate equally as individuals.

"It is as if she had directed it to be divided equally between 'Mary and her daughters,' above named, 'Claire and Gladys,' in trust to Dr. G. L. Sinclair, and to 'S. Blackiston and her daughters,' above named, 'Nannie and Claire,' 'Kate Whittle, Emily Jones, Jane Barr and Gilberta S. Whittle.'

"In other words, the court is of the opinion and decides that the bequest in the residuary clause of the will of Mrs. Whittle is to each one of the ten persons therein described, or referred to, as individuals, and that the estate should be so divided."

The decree appealed from is affirmed.

*Affirmed.*