PERDUE AND OTHERS V. STARKEY'S HEIRS.

September 9, 1915.

Absent, Keith, P., and Cardwell, J.

1. WILLS—*Bequest to Living Persons and to Children of Another Who is Dead.*—In the absence of explanation, where a bequest is made to some who are living and to the children of another who is dead, the children of the one who is dead are presumed to be referred to as individuals and not as a class, taking the same share *per capita* with those who are living; and the relations existing between the parties and the operation which the statute of descents would have upon those relations, in case of intestacy, are not sufficient to overcome the presumption that a *per capita* distribution was intended. In the case in judgment the bequest was to certain specified persons who were living and to H's daughters "to be equally divided between them," and it is *held* that all of the beneficiaries take *per capita*.

Appeal from a decree of the Circuit Court of Roanoke county, in two suits in chancery heard together. In one of these suits appellants were. defendants. In the other they were complainants. From an adverse decree they appealed.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson* and *John P. Lee,* for the appellants.

*Martin & Chitwood, Coxe & Cocke* and *E. W. Saunders,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This appeal involves the proper construction of the fifth clause of the joint will of John C. Starkey and Mary A. Starkey, his wife.

After sundry specific legacies are made, the fifth clause disposes of the residuum of the joint estate as follows: "We give and bequeath unto Sallie P. Blount, Elsie Jeter, Duck Hancock and Charles F. Poindexter and S. L. Holland's daughters by first wife the remainder of our estate, both real and personal, to be equally divided between them."

The beneficiaries under this clause bear different degrees of relationship to each other and to the testator and the testatrix. Some are nieces of the testator and others nieces of the testatrix, Duck Hancock and Charles Poindexter being niece and nephew of both, and the appellants, who are S. L. Holland's daughters by his first wife, being great-nieces of the testatrix.

The rule of construction to be applied in the interpretation of the language used in the clause under consideration has long been settled in this jurisdiction. It is that, in the absence of explanation, where a bequest is made to some who are living and to the children of another who is dead, the children of the one who is dead are presumed to be referred to as individuals and not as a class, taking the same share *per capita* with those who are living; and that the relations existing between the parties, and the operation which the statute would have upon those relations in case of intestacy are not sufficient to overcome the presumption that a *per capita* distribution was intended. *Whittle* v. *Whittle,* 108 Va. 22, 60 S. E. 748; *Walker* v. *Webster,* 95 Va. 377, 28 S. E. 570; *Hoxton* v. *Griffith,* 18 *Gratt.* (59 Va.) 574.

In the last named case, Judge Joynes, speaking for this court, states the rule in the following clear and satisfac-

tory language: "When a bequest is made to several persons, in general terms, indicating that they are to take equally as tenants in common, each individual will of course take the same share; in other words, the legatees will take *per capita.* The same rule applies where a bequest is to one who is living, and to the children of another who is dead, whatever may be the relations of the parties to each other, or however the statute of distributions might operate upon those relations in case of intestacy. Thus, where property is given "to my brother A, and to the children of my brother B," A takes a share only equal to that of each of the children of B. So where the gift is to A's and B's children, or to the children of A and the children of B, the children take as individuals, *per capita.* The substance of this rule of construction is that, in the absence of explanation, the children in such a case are presumed to be referred to as individuals, and not as a class, and that the relations existing between the parties, and the operation which the statute would have upon those relations in case of intestacy, are not sufficient to control this presumption. The general rule is well established, and has been fully recognized by the decisions of this court. *Brewer & ux* v. *Opie,* 1 Call 212; *Crow* v. *Crow,* 1 Leigh 74; *McMasters* v. *McMasters' Ex'ors,* 10 Gratt. 275." This learned judge adds: "But this rule is not inflexible, and it will yield to the cardinal rule of construction which requires that effect shall be given to the intention of the testator, to be collected from the whole will. If, therefore, an intention can be collected from the will that the children of the deceased parent are to take as a class, that intention will prevail."

The cases cited in support of the rule by Judge Joynes show from what an early day the rule as stated by him has been the established law in this State; and the subse-

quent cases cited by us show how uniformly that rule of construction has been upheld to the present day.

The will in the case before us is brief. As already seen, after making several specific legacies, the residuary clause under construction declares that the beneficiaries mentioned therein are to take "the remainder of our estate, both real and personal, to be equally divided between them." There is not a word in any other part of the will indicating that the makers intended by the language used any other disposition of their estate than that which follows under the rule of construction mentioned; nor is there anything in the agreed facts which suggests that they expected the estate given to be divided otherwise than *per capita* among those who were to take it.

The makers of the will selected those who were to take the remainder of their estate, describing some of them by name and others as the daughters of S. L. Holland by his first wife, and clearly and specifically directed that such residuum should be equally divided between them.

The interpretation put upon the will by the circuit court, that the beneficiaries under the fifth clause took *per stirpes* and not *per capita* is in conflict with the established rule of construction to which we have adverted. The decree complained of must, therefore, be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*