## Richmond

Anne Reams Arnold W. Blackburn v. Linnae Belle Redd Hedgbeth, Et Al.

March 10, 1958.

Record No. 4765.

Present, All the Justices.

The opinion states the case.

*George E. Allen* (*Allen, Allen, Allen & Allen,* on brief), for the appellant.

*James C. Kent* (*Roger A. Hedgbeth; Robert E. Pembleton; Douglas & Kent,* on brief), for the appellees.

Whittle, J., delivered the opinion of the court.

Mrs. Hedgbeth filed a suit for the partition of a tract of land lying

in Hanover County, known as "Scotchtown". The respondents in the bill were Mrs. Hedgbeth's seven brothers and sisters all children of Bessie C. Arnold Redd, and Mrs. Blackburn, the only child of Thomas D. Arnold. The land sought to be partitioned was disposed of under the will of Lavinia S. Taylor, dated November 20, 1906. The construction of the will was prayed for in the suit. The will read:

"I will and bequeath all of my personal property my farm known as Scotchtown to my sister Sallie L. Taylor (she must finish paying Mrs. Annie Constable the little I now owe her and Mr. Thos. N. Page $60.00 and interest I owe him) as a support her lifetime at her death I leave it to the children of my niece Bessie C. Arnold and the children of my nephew Thomas D. Arnold (bodily heirs) they having the use of it their lifetime—If they die one or the other inherits the property—If they leave no bodily heirs then my property must go to my brother William Colemans children and to my brother Edmund T. Taylors children, to my brother John T. Taylor I leave one shilling to my brother Edmund T. Taylor I leave one shilling to my brother William C. Taylor I leave one shilling.

Lavinia S. Taylor."

. Lavinia S. Taylor died in 1911, and her will, within that year, was duly admitted to probate; Miss Sallie L. Taylor died July 28, 1941; Thomas D. Arnold died January 19, 1919, leaving, as aforesaid, as his sole heir, his daughter Anne Reams Arnold W. Blackburn (appellant); Bessie C. Arnold, who married Andrew Walton Redd, died March 15, 1948, leaving eight children (appellees).

Appellees, the children of Mrs. Redd, contended that the property should be divided equally among the nine persons involved in the suit, all of whom bore the same relationship to the testatrix. Appellant, Mrs. Blackburn, on the other hand, contended that the will created two classes; that she was the only member of one class and the eight children of Mrs. Redd were the members of the other, and therefore the property should be divided into two equal parts, one part going to Mrs. Blackburn and the other to the eight Redd children.

The chancellor, without objection, referred the matter to a commissioner who filed a report holding that the will created only one class, thus entitling each of the litigants to one-ninth of the property. After a hearing upon the exceptions filed to the commissioner's report the chancellor entered a decree confirming same. To review this decree we granted Mrs. Blackburn an appeal.

While there are three errors assigned, it is conceded that the sole question involved is whether the testatrix, by her will, created two classes of beneficiaries or one class.

The primary consideration and rule of construction is to determine the intention of the testator from the language used in the will. If the meaning of the language is plain the will must be given effect accordingly. "If there be doubt as to the meaning, then the auxiliary or subordinate rule to be first applied, and the one of most usefulness and importance, is for the court to place itself as nearly as possible in the situation of the testator at the time of the execution of the will." *Penick's Ex'or v. Walker*, 125 Va. 274, 278, 99 S. E. 559, 560.

In this instance the testatrix willed and bequeathed all of her personal property and her farm known as "Scotchtown" to her sister Sallie L. Taylor for life. And "at her death I leave it to the children of my niece Bessie C. Arnold and the children of my nephew Thomas D. Arnold (bodily heirs) they having the use of it their lifetime—If they die one or the other inherits the property".

The only ambiguity in the above language is found in the words "they having the use of it their lifetime— If they die one or the other inherits the property". The word "they" undoubtedly refers to Bessie C. Arnold and Thomas D. Arnold who were to have life estates. This construction is not seriously challenged. So far as the devise to the children is concerned, in our view, the will is free from ambiguity. It says "at her death (Sallie L. Taylor's) I leave it to the children of my niece Bessie C. Arnold and the children of my nephew Thomas D. Arnold (bodily heirs)."

The record discloses that at the time the will was probated in 1911 Mrs. Blackburn and the Redd children were yet unborn. Therefore they must be regarded as designated persons, taking in their own right *per capita* and not *per stirpes* as representatives of their parents.

Where a bequest is made to several persons in general terms indicating that they are to take equally as tenants in common, each individual will take the same share *per capita*. *Walker v. Webster*, 95 Va. 377, 381, 28 S. E. 570; *Hoxton v. Griffith*, 18 Gratt. (59 Va.) 574, 577.

In *Walker v. Webster, supra*, at pages 381-382, quoting from *Hoxton v. Griffith, supra*, it is said:

"The same rule applies where a bequest is to one who is living, and to the children of another who is dead, whatever may be the relations of the parties to each other, or however the statute of distribu-

tions might operate upon those relations in case of intestacy. Thus where property is given 'to my brother A, and to the children of my brother B,' A takes a share only equal to that of each of the children of B. So, where the gift as to A's and B's children or to the children of A, and the children of B, the children take as individuals *per capita*. The substance of this rule of construction is that, in the absence of explanation, the children in such a case are presumed to be referred to as individuals, and not as a class, and that the relations existing between the parties, and the operation which the statute would have upon those relations in case of intestacy are not sufficient to control this presumption. The general rule is well established and has been fully recognized by the decisions of this court. *Brewer* v. *Opie*, 1 Call [5 Va.] 212; *Crow* v. *Crow*, 1 Leigh [28 Va.] 74; *McMaster* v. *McMaster's Ex'ors*, 10 Gratt. [51 Va.] 275." See also *Whittle* v. *Whittle*, 108 Va. 22, 60 S. E. 748; Ann. Cas. 1916C,409.

While, as aforesaid, the devise to the second set of life tenants appears somewhat ambiguous, it is clear that upon the death of either it passed to the survivor for life and then to the children of Bessie C. Arnold (Redd) and the children (child) of Thomas D. Arnold, in fee simple *per capita*. This was the rule in this jurisdiction before the decision in the case of *Crow* v. *Crow*, 1 Leigh (28 Va.) 74 (1829), where it is said, at page 77:

"In the case before us, it seems to me, that the plain natural meaning of the words, and the rules drawn from the cases, lead us to the same conclusion. The cases all lay it down, that where a legacy is to several, whatever may be their relations to each other, or however the statute of distributions might operate upon such relations, equality shall be the rule, unless the testator has established a different one."

See 2 Jarman on Wills, 6th ed., § 1050, page 205; 20 Mich. Jur., Wills, § 125, page 328; also *Nathaniel Ewing, et al. v. Caleb J. Gibson, Ex'or, Etc.*, 199 Va. 860, 102 S. E. 2d 327, this day decided.

There is nothing in the will or the evidence in the instant case to show a different intention.

For the reasons stated the decree is

*Affirmed.*